

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| RINDA J. THOMAS and<br>MIRIAM MOORE, et al.,<br>    Plaintiffs,<br><br>v.<br><br>BOB MILLS FURNITURE<br>COMPANY, LLC,<br>    Defendant. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. W-14-CV-219<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION
## AND ORDER

Plaintiffs bring this action under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, claiming Defendant failed to pay overtime compensation for all hours worked over 40 during each and every work week. The case was conditionally certified as a collective action under 29 U.S.C. § 216, and "opt-in" notices were sent to similarly situated non-exempt sales associate employees who work, or had worked, for Defendant in Texas and Oklahoma in the three years prior to the filing of this suit, and who were not paid overtime. The Court then partially granted Defendant's Motion to Decertify the Class and dismissed a number of Plaintiffs who had opted in as not being similarly situated to the named Plaintiffs. Both parties have now moved for summary judgment. Having reviewed the parties' briefs, the summary judgment proof presented, and the applicable legal

authority, the Court is persuaded Defendant's motion should be granted and Plaintiffs' motion should be denied.

## Summary Judgment

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A disputed material fact is genuine if the evidence is such that a jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The initial burden to demonstrate the absence of a genuine issue concerning any material fact is on the moving party. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). Upon such a showing, the burden shifts to the non-moving party to establish that there is a genuine issue. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In the event the non-moving party fails to respond to a properly filed motion for summary judgment, the court is permitted to accept the movant's facts as undisputed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## Factual Background

The underlying facts are mostly undisputed. Defendant is a retail furniture and home decor company with locations in Texas and Oklahoma. The class in this case is identified as Plaintiffs who worked for Defendant as retail furniture sales associates during the time period from June 10, 2011 to the date suit was filed. Plaintiffs allege that they were not paid time and a half overtime compensation for hours worked over 40 in a week in violation of the FLSA. Basically, Plaintiffs argue that Defendant is unable to use the commission sales exemption as Defendant advertised it was a "non-commission" employer.

The summary judgment proof establishes that Defendant's compensation plan for sales associates was based upon sales performance. Sales associates earned a flat 4% on delivered sales, plus bonuses when certain levels of sales in various categories were achieved. Deposition of Jeffrey Michael Hays ("Hays Deposition"), 26:4-28:21. The bonuses included one for total sales volume, for warranty sales known as a "Smart Buy" bonus, for specific products known as a "SPIFF" bonus, and for sales of accessories, pillows, and bedding. *Id.*, 46:7; 47:11-22; 48:8-12; and Exhibit 7 to Hays Deposition; Declaration of Malori Walker ("Walker Decl.") ¶ 6.

The foregoing compensation structure was modified in approximately October 2012. Hays Deposition, 26:4-28:21. Defendant extended the commission calculation period for three months, calculating the 4% commission on delivered sales for the prior three month period. Hays Deposition, 27:3-23. The total was then

paid out over the following six pay periods as a base compensation. *Id.* As new sales associates did not have prior sales from which to calculate actual commissions, they were paid an amount an employee with a similar amount of prior furniture sales experience would be expected to earn for their first three months. Id.; 48:20-49:13; Exhibit 6 to Hays Deposition; and Walker Decl. ¶ 5. Bonuses were paid during the period in which they were earned, but were separately designated on employee paychecks. Hays Deposition, 65:7-17.

At the same time Defendant made the payroll changes, it initiated a marketing program which stressed a commission free sales environment in its public advertising. Sales associates even wore buttons which included the advertising. Deposition of Bryan Dyson ("Dyson Deposition"), 8:16-20; 12:14-14.9; 35:17-36:2. Despite the advertising, Defendant still based sales associates' salaries on the delivered sales they made.

## Discussion

Section § 207 of the FLSA prohibits employers from requiring employees to work more than 40 hours a week unless they are compensated at a "rate not less than one and one-half times the regular rate at which" they are employed. 29 U.S.C. § 207(a)(2). An exemption exists for employees working in retail or service establishments who work on a commission basis. Section 207(i) provides:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment

>for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commission on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

Plaintiffs present nothing to contest Defendant's summary judgment proof regarding the first element – that sales associates earned an effective rate of at least $10.88 per hour for each work week in which they worked more than 40 hours. What is at issue is the effect of the second element – whether Defendant's "no commission" advertising campaign prevented it from claiming the exemption. This is a question of law. See Klinedinst v. Swift Investments, Inc., 260 F.3d 1251, 154 (11th Cir. 2001). Such exemptions are to be narrowly construed. McAninch v. Monro Muffler Brake, Inc., 799 F.Supp.2d 807, 810 (S.D. Ohio, Eastern Division 2011).

In order to claim the exemption, the employer must establish three elements: (1) the store in which the employees work is a retail or service establishment; (2) the employer pays the employees a regular rate of one and one-half times the federal minimum wage for each hour they work; and (3) the employees receive more than half of their compensation in the form of commissions earned from the sale of goods or services. Id., pp. 810-811. See also Charlot v. Ecolab, Inc., — F.Supp.3d —, 2015 WL 5774984, * 14 (E.D.NY, Sept. 30, 2015); 29 U.S.C. § 207(i); 29 C.F.R. §

779.412. What is not required is that an employer actually call its employees' compensation a commission. *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 508 (7th Cir. 2007). The summary judgment proof presented supports the forgoing elements sufficient to entitle Defendant to claim the exemption.

Plaintiffs do not dispute that they were actually paid a commission; they contend that the commission is not "bona fide" due to Defendant's "no commission" advertising. While the statute does not define a "bona fide" commission, the Department of Labor's ("DOL") implementing regulations provide illumination of instances when a commission is *not* bona fide. See *Parker v. NutriSystem, Inc.*, 620 F.3d 274, 278 (3d Cir. 2010) ("The 'bona fide commission rate' language is imprecise and capable of ambiguity."). The regulations provide:

> A commission rate is not bona fide if the formula for computing the commissions is such that the employee, in fact, always or almost always earns the same fixed amount of compensation for such workweek (as would be the case where the computed commissions seldom or never equal or exceed the amount of the draw or guarantee.) Another example of a commission plan which would not be considered as bona fide is one in which the employee receives a regular payment constituting nearly his entire earnings which is expressed in terms of a percentage of the sales which the establishment or department can always be expected to make with only a slight addition to his wages based upon a greatly reduced percentage applied to the sales above the expected quota.

29 C.F.R. § 779.416(c).

The summary judgment proof supports both of the forgoing requirements,

establishing that Defendant's sales associates were paid varying amounts based upon the amount of sales they produced and the bonuses they achieved. Under this regulation, therefore, the commissions paid by Defendant were bona fide.

Plaintiffs further argue that Defendant's commission payment program cannot be considered bona fide due to Defendant's "commission free" advertising. As there is no requirement that an employer's salary method actually use the word "commission," there is no requirement in the FLSA that a Defendant accurately describe its compensation plan as commission based in public advertising. The compensation plan thus is a bona fide plan under the FLSA.

Plaintiffs further argue that Defendant should be equitably estopped from denying coverage because of its "commission free" advertising. Although technically not raised in their pleadings, the Court will address the estoppel argument.

Estoppel is an equitable doctrine and the decision whether to invoke it is within the court's discretion. *In re Delta Produce, L.P.*, — F.3d —, Nos. 14-51079, 14-51080, 2016 WL 945185, *12 (5th Cir. March 11, 2016) (quotation marks and citation omitted). In order to invoke equitable estoppel, a plaintiff must prove "(1) a material misrepresentation or concealment (2) made with actual or constructive knowledge of the true facts (3) with the intent that the misrepresentation or concealment be acted upon (4) by a third party without knowledge or means of knowledge of the true facts (5) who detrimentally relies or acts on the misrepresentation or concealment." *Matter of Christopher*, 28 F.3d 512, 520 (5th Cir. 1994). "Equitable estoppel does not

rest on the grounds that the claimant is in reality entitled to the benefit or status in question. Rather, equitable estoppel responds to the unfairness inherent in denying the claimant some benefit after it has reasonably relied on the misrepresentations of the adverse party." *U.S. v. Marine Shale Processors*, 81 F.3d 1329, 1348 (5th Cir. 1996). The Supreme Court has noted that "[e]stoppel is an equitable doctrine invoked to avoid injustice in particular cases." *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 59, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984). In adopting the Restatement (Second) of Torts as related to estoppel, the Supreme Court noted: [T]he party claiming the estoppel must have relied on its adversary's conduct in such a manner as to change his position for the worse, and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." *Id.* (quotations, citations and footnotes omitted).

Even assuming that equitable estoppel is available in such a statutory analysis, Plaintiffs have failed to establish that they detrimentally relied on Defendant's advertising. No Plaintiff has indicated that he or she worked overtime because Defendant agreed to pay them time and a half for overtime hours, either explicitly or implicitly. The depositions of both named Plaintiffs, Rinda J. Thomas and Miriam Moore, are to the opposite – both knew their compensation depended on the volume of their sales. Thomas Dep., 27:23-28:5, 42:15-24, 54:20-55:13, 54:20-55:13; Moore Dep., 20:18-21:6, 38:1-7, 42:21-43:2. Nor could any Plaintiff

8

have reasonably believed that they would be paid time and a half for overtime based solely on Defendant's public advertising, because Defendant's compensation documents fully explained that employees' salary was based upon their volume of sales. As a result, Plaintiffs have failed to establish that Defendant violated the FLSA. Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiffs' Joint Motion for Partial Summary Judgment is **DENIED**. It is further

ORDERED that Plaintiffs' Motion for Reconsideration is **DENIED**. It is further

ORDERED that any motions not previously ruled upon by the Court are **DENIED**.

SIGNED this 13 day of April, 2016.

_____
WALTER S. SMITH, JR.
United States District Judge